# Matter of A-W-M-K-, Respondent

*Decided by Board June 25, 2026[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  The Immigration Judge properly determined that the respondent poses a flight risk that cannot be mitigated by a bond where there is evidence the alien gave inconsistent representations to immigration officials and may have been involved in human rights violations, rendering his prospects for relief highly speculative.

(2)  Evidence that the United States Citizenship and Immigration Services had denied the respondent's application for adjustment of status was properly admitted because it was probative of the respondent's prospects for obtaining lawful status and hence probative of his flight risk.

FOR THE RESPONDENT:  Stephanie Elona Young Marzouk, Esquire, Cambridge, Massachusetts

BEFORE:  Board Panel:  GORMAN, Deputy Chief Appellate Immigration Judge; VOLKERT, Appellate Immigration Judge; TERRIEN, Temporary Appellate Immigration Judge.

GORMAN, Deputy Chief Appellate Immigration Judge:

The respondent appeals from the Immigration Judge's March 18, 2026, decision denying bond.  The Immigration Judge concluded that the Department of Homeland Security ("DHS") established by a preponderance of the evidence that he presents a flight risk that no bond amount can mitigate.  We agree and will dismiss the appeal.[2]

"Whether an alien poses a flight risk is a question of judgment that we review de novo, but the factual findings underlying the judgment are

---

[1]  Pursuant to Order No. 7078-2026, dated July 29, 2026, the Acting Attorney General designated the Board's decision in *Matter of A-W-M-K-* (BIA June 25, 2026), as precedent in all proceedings involving the same issue or issues.  *See* 8 C.F.R. § 1003.1(g)(3) (2026). Editorial changes have been made consistent with the designation of the case as a precedent.

[2]  The respondent's supplemental filings during the pendency of this appeal are not new, previously unavailable evidence and are not considered a motion to remand.

reviewed for clear error." *Matter of Dobrotvorskii*, 29 I&N Dec. 211, 212 (BIA 2025).

As an initial matter, we see no error in the Immigration Judge's decision to admit the United States Citizenship and Immigration Services' ("USCIS") denial of the respondent's affirmatively filed Application to Register Permanent Residence or Adjust Status (Form I-485) into the record over his objections that it contains hearsay and is factually inaccurate and unreliable. "[I]t is well settled that hearsay rules are not binding in immigration proceedings." *Matter of O-R-E-*, 28 I&N Dec. 330, 337 (BIA 2021). Rather, "[i]n immigration proceedings, the sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair." *Matter of D-R-*, 25 I&N Dec. 445, 458 (BIA 2011) (citation modified), *remanded on other grounds sub nom.*, *Radojkovic v. Holder*, 599 F. App'x 646 (9th Cir. 2015). Here, evidence that USCIS denied his Form I-485 is probative of his flight risk because it shows that his prospects for obtaining lawful status in the United States are diminished. *See Matter of Andrade*, 19 I&N Dec. 488, 490 (BIA 1987) (stating that an alien with a greater likelihood of being granted relief has a stronger motivation to appear for a hearing than one who has less potential to obtain relief).

While the respondent argues that the USCIS denial misinterprets and misconstrues facts, Immigration Judges need not exclude such evidence merely because portions are disputed. Rather, potential errors in a government document prepared in the ordinary course of agency business go to that document's weight, not its admissibility. *See, e.g.*, *Matter of D-R-*, 25 I&N Dec. at 458–59; *Matter of Barcenas*, 19 I&N Dec. 609, 611 (BIA 1988) (providing that a "contested document may be admitted into the record"). As the respondent mentions, the Immigration Judge appropriately afforded this document limited weight, and her analysis of his flight risk does not expressly reference it.

The respondent also argues that the Record of Deportable/Inadmissible Alien (Form I-213) "reiterates the information in the I-485 denial" but does not claim that the document contains incorrect or unreliable evidence relating to his alienage and removability, which are relevant to the Immigration Court's jurisdiction over his bond proceedings. *See Matter of Barcenas*, 19 I&N Dec. at 611 (explaining that a Form I-213 is "admissible as evidence to prove alienage and deportability"). Therefore, the admission of such document was proper. The respondent does not renew any objection to DHS' other documentary evidence, including transcripts of USCIS' interviews with him. He does not explain how the Immigration Judge's reference to the notice to appear, which is not in the bond record, affected these proceedings.

Turning to the merits of the case, on de novo review, we affirm the Immigration Judge's flight risk determination. 8 C.F.R. § 1003.1(d)(3)(ii) (2026). In the United States Court of Appeals for the First Circuit, the jurisdiction in which this case arises, DHS has the burden of proving flight risk by a preponderance of the evidence, *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021), a standard that "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before he may find in favor of the party who has the burden to persuade the judge of the fact's existence." *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993) (citation modified). Because bond determinations are "a preliminary evaluation of the facts and evidence presented by the parties" before "conclusive factual findings and legal determinations are made based on the testimony and evidence presented at a full [merits] hearing," they are necessarily circumstance-specific, meaning that "any 'probative and specific' evidence may be considered . . . , including unfavorable evidence of his conduct." *Matter of R-A-V-P-*, 27 I&N Dec. 803, 804 (BIA 2020), *abrogated on other grounds by Hernandez-Lara*, 10 F.4th at 41.

In this case, the Immigration Judge found the record contained potentially serious unfavorable evidence which, considering the totality of the circumstances, showed that the respondent was an irredeemable flight risk. Specifically, the Immigration Judge observed that the record showed the respondent gave USCIS inconsistent and "potentially fraudulent" information in connection with affirmative applications for relief and refused to answer questions about his possible involvement in human rights violations during the United States' war in Afghanistan. Based on these observations, the Immigration Judge concluded that relief from removal was "highly speculative." For purposes of bond consideration, we disagree with the respondent's contention that these findings are unsupported. *See Matter of D-R-*, 25 I&N Dec. at 454.

First, we see no error in the Immigration Judge's observation that the record shows the respondent may have been involved with human rights violations in Afghanistan, which makes the respondent's relief application eligibility "highly speculative." Even acknowledging the respondent's argument that the evidence DHS submitted for this preliminary bond determination does not conclusively establish that he was part of an Afghan security forces group known to have committed human rights abuses, he does not dispute that it shows his involvement coincided with a period in which such groups were participating in human rights abuses, including interrogations resulting in torture and death. In interviews with USCIS, the respondent confirmed that he brought people to a room to be interrogated

and gave nonanswers when questioned about his possible commission of human rights abuses.

Further, the respondent does not challenge that he provided USCIS with inconsistent and potentially fraudulent information and documentation about his ties to Pakistan in support of his affirmative applications. *See generally Matter of Akhmedov*, 29 I&N Dec. 166, 167–68 (BIA 2025) (illustrating that discrepant representations to immigration officials may be a negative factor when determining flight risk). For example, the respondent has not resolved why he supplied applications and identity documents stating all his children were born in Afghanistan yet told an interviewer that some were born in Pakistan.

The foregoing potentially serious adverse evidence in the bond record tends to show his prospects for immigration relief are "highly speculative." While "any assessment of a removal defense at the bond hearing . . . is necessarily tentative" given the preliminary nature of such hearings, *Hernandez-Lara*, 10 F.4th at 34, the likely success or failure of any viable defense against removal is a proper factor in evaluating flight risk. *See Matter of Andrade*, 19 I&N Dec. at 490 (explaining that lack of potential eligibility for relief from deportation may be a disincentive to appear). Like the Immigration Judge, we acknowledge, without evaluating, the respondent's assertion that he did not commit human rights violations in Afghanistan; however, where the evidence indicates that an alien could have assisted in such acts, it is reasonable to conclude that relief may ultimately be remote. *See, e.g.*, sections 101(a)(42), 208(b)(2)(A)(i), 241(b)(3)(B)(i), of the Immigration and Nationality Act, 8 U.S.C. §§ 1101(a)(42), 1158(b)(2)(A)(i), 1231(b)(3)(B)(i) (2024); 8 C.F.R. §§ 1208.16(d)(2), 1240.8(d) (2026); *see also Matter of E-Y-F-G-*, 29 I&N Dec. 103, 104–05 (BIA 2025) (providing that even an Immigration Judge's grant of relief may not adequately mitigate flight risk). At this juncture, the respondent's prospects for a favorable exercise of discretion on any application are at best unclear. Similarly, record discrepancies regarding his ties to Pakistan are relevant not only to his prospective eligibility for relief, but also whether an Immigration Judge can trust his assurances that he will appear for future hearings.

The respondent argues that the Immigration Judge's decision lacks express findings about potentially relevant factors in his case, including the following: his employment; lack of a criminal record; lawful presence in the United States for 4 years until his parole expired; immigration court appearances; fixed address; significant community ties in the United States, including his 11 children, two of whom are United States citizens; family

members with medical issues; and affidavit of support. *See Matter of R-A-V-P-*, 27 I&N Dec. at 805 (listing potentially relevant factors). However, we see no reason to disbelieve that this evidence was considered. The respondent also argues that the Immigration Judge made clear factual errors. However, we see no clearly erroneous factual findings that meaningfully affected the outcome of this decision when the record is viewed in light of the totality of the circumstances. *See Matter of Santos*, 19 I&N Dec. 105, 109 (BIA 1984) (noting a harmless error is one that "was not unfair or did not demonstrably prejudice the respondent").

Finally, the respondent argues that because he does not present a danger to the community, the Immigration Judge needed to consider whether "there was some bond amount sufficient to assure his presence at future hearings." *See Matter of Urena*, 25 I&N Dec. 140, 141 (BIA 2009). Given the potentially serious adverse information in the record, the Immigration Judge appropriately concluded that no reasonable bond amount, even if coupled with alternatives to detention, could be calculated to ensure his appearance. *See, e.g.*, *Matter of Akhmedov*, 29 I&N Dec. at 168 (concluding the same where the record contained discrepancies and the merits of any applications for relief were "unknown"). Overall, the Immigration Judge's decision contains no legal or factual errors warranting reversal or remand.

To conclude, the record shows the Immigration Judge properly considered and weighed the relevant factors in determining that the respondent presents a significant flight risk and should remain in immigration custody pending his removal proceedings' outcome. Although the respondent disagrees that DHS' evidence should be dispositive, the INA does not instruct that any factor must outweigh another when evaluating flight risk; instead, it gives Immigration Judges broad discretion in deciding the factors to be considered. *See Matter of R-A-V-P-*, 27 I&N Dec. at 804–05 ("The Immigration Judge is in the best position to analyze these considerations and 'may choose to give greater weight to one factor over others, as long as the decision is reasonable.'" (quoting *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006))).

Like in *Matter of Andrade*, "the respondent obviously has equities that could weigh in favor of a grant of . . . relief" and other favorable factors relevant to his bail risk. 19 I&N Dec. at 491. However, evidence of an alien's inconsistent representations to immigration officials and potential involvement in human rights violations are "very serious adverse factors" and compelling reasons to conclude that the alien is a poor bail risk. *Id.* Therefore, "[w]ithout ruling on the merits of such an application," *id.*, it was permissible for the Immigration Judge to determine that this potentially

serious adverse evidence met DHS' burden to prove his risk of flight by a preponderance of the evidence.

**ORDER:** The appeal is dismissed.